# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CIVIL ACTION NO. 09-1000-C**

**OCCUPATIONAL HEALTH CENTERS OF**
**THE SOUTHWEST, P.A., P.S.C.,**
**dba Concentra Medical Centers,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**SHERRELL W. NUNNELLEY,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant's construed motion to dismiss (R. 9). *See* R. 14. The court will grant in part and deny in part the defendant's motion because 1) obligations not to compete and solicit in relation to the plaintiff, as recited in the physician services agreement between the parties, do not apply to the defendant; and 2) the plaintiff does not state a claim of unfair competition upon which relief can be granted.

**I. Facts**

On January 1, 2002, the defendant, Dr. Sherrell Nunnelley, entered into a physician services agreement ("employment agreement") with the plaintiff, Concentra, a health care provider. Section 6 of the employment agreement, entitled "Protective Covenants," contains duties on the part of Nunnelley under certain conditions. Paragraph (c) provides that if Nunnelley terminates his employment or if Concentra terminates his employment for cause, then Nunnelley shall not compete with Concentra within a ten (10)-mile radius of Concentra's

location for a period of one (1) year.  Paragraph (d) provides that if Nunnelley terminates his employment or if Concentra terminates his employment for cause, then Nunnelley shall not solicit patients or suppliers, or interfere or harm Concentra's business relationships with any patient, customer, employee, employer, principal, or supplier for a period of one (1) year.  Paragraph (e) provides that regardless of which party terminates his employment and whether the termination is for cause, Nunnelley shall maintain the confidentiality of certain information, as defined in the employment agreement, for a period of two (2) years, and shall return records of such information to Concentra upon termination.

On January 16, 2009, Concentra terminated Nunnelley's employment without cause.  On March 5, 2009, Concentra and Nunnelley executed a separation agreement and general release ("separation agreement").  In paragraph 1, the separation agreement provides, "Notwithstanding the termination of the Employment Agreement, Section[s] 6 and 8 of the Employment Agreement shall continue in full force and effect in accordance with the terms and conditions set forth therein."  Paragraph 10 describes the various kinds of confidential information to which Nunnelley had access, and recites that Nunnelley "understands that this confidential information is a trade secret . . . ."  Paragraph 10 also reiterates provisions from the employment agreement that such confidential information shall not be divulged or used to Nunnelley's benefit, and must be returned to Concentra.

Several months after he was terminated, Nunnelley was hired by Norton

Healthcare, located within ten (10) miles of Concentra. On December 30, 2009, Concentra filed suit, alleging breach of contract and unfair competition by Nunnelley. *See* R. 1, 13.

**II. Analysis**

Concentra's complaint contains three counts: Count I, Declaratory Judgment; Count II, Breach of Contract; and Count III, Unfair Competition. These claims rest upon allegations that Nunnelley violated contractual obligations not to compete under paragraph (c), not to solicit under paragraph (d), and to safeguard and return confidential information under paragraph (e) in section 6 of the employment agreement. In regard to covenants under paragraphs (c) and (d), even if Concentra's allegations are factually sufficient to otherwise "plausibly suggest entitlement to relief," *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009), they do not state a claim upon which relief can be granted. As a matter of law, Nunnelley is not under the obligations recited in paragraphs (c) and (d) of the employment agreement not to compete and solicit in regard to Concentra. The separation agreement states that paragraphs (c) and (d) continue in full force and effect in accordance with the terms and conditions set forth therein. Nunnelley did not terminate his own employment, and was not terminated for cause by Concentra, the only two events that are conditions precedent to obligations not to compete or solicit in regard to Concentra. These conditions to obligations under paragraphs (c) and (d), which were not met, are part of the "terms and conditions"

with which sections 6 and 8 of the employment agreement "continue in full force and effect."

Concentra argues that the sentence at issue in paragraph 1 of the separation agreement, "Notwithstanding the termination of the Employment Agreement, Section[s] 6 and 8 of the Employment Agreement shall continue in full force and effect in accordance with the terms and conditions set forth therein[,]" is not "boilerplate" language, and was added to the separation agreement because of Concentra's concern about the possibility of Nunnelley soliciting in a way that would harm Concentra. In support of this interpretation, Concentra filed an affidavit of Jennifer Fitzpatrick, Concentra's Regional Operations Director. "Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. Ct. App. 2002) (citing *Hoheimer v. Hoheimer*, 30 S.W.3d 176, 178 (Ky. 2000)). "A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations." *Ibid.* (citing *Transport Ins. Co. v. Ford*, 886 S.W.2d 901, 905 (Ky. Ct. App. 1994)). "The fact that one party may have intended different results . . . is insufficient to construe a contract at variance with its plain and unambiguous terms." *Ibid*. (citing *Green v. McGrath*, 662 F. Supp. 337, 342 (E.D. Ky. 1986)). "'The criterion in determining the intention of the parties is not what did the parties mean to say, but rather the criterion is what did the parties

mean by what they said.'" *Pennington v. AT&T*, 202 Fed. Appx. 880, 888 (6th Cir. 2006) (quoting *Central Bank & Trust Co. v. Kincaid*, 617 S.W.2d 32, 33 (Ky. 1981)).

The "terms and conditions" set forth in sections 6 and 8 of the employment agreement include the conditions precedent for obligations not to compete and solicit. These unmet conditions – that Nunnelley terminates his own employment or that his employment is terminated for cause by Concentra – are plain, unambiguous, and not reasonably susceptible to different or inconsistent interpretations. The sentence at issue in paragraph 1 of the separation agreement is similarly plain and unambiguous. Therefore, extrinsic evidence of Concentra's intent in signing a separation agreement which includes the sentence at issue in paragraph 1 need not be considered.[1] Concentra further argues that this sentence would be rendered meaningless if it did not impose duties on the plaintiff not to compete and solicit. Yet that sentence ensures that those provisions contained in sections 6 and 8 of the employment agreement outside of the duties contained in paragraphs (c) and (d) of section 6 not to compete and solicit continue in "full force and effect," including the provisions in paragraphs (a), (b), (e)-(k) in section 6, and paragraphs (a)-(l) in section 8. *See* R. 1, Ex. A; R. 13, Ex. A. Because Nunnelley was terminated by Concentra without cause, the sentence at issue in paragraph 1

---

[1]Both Nunnelley's affidavit (R. 16, Ex. B) and Concentra's affidavit of Jennifer Fitzpatrick (R. 17) are excluded from consideration at this time under Federal Rule of Civil Procedure 12(d).

of the separation agreement does not impose duties under paragraphs (c) and (d) in section 6 of the employment agreement, but is not rendered meaningless due to its reference to other provisions.

Under the terms of the separation agreement, however, Nunnelley remains bound by a covenant of good faith and fair dealing, *see Ranier v. Mt. Sterling Nat'l Bank*, 812 S.W.2d 154, 156 (Ky. 1991), and confidentiality as recited in paragraph (e) in Section 6 of the employment agreement. Paragraph (e) states that the obligation to secure confidential information will remain in effect regardless of who initiates termination and whether it is for cause. The separation agreement reiterates that duty. Therefore, Nunnelley's duty of confidentiality remains in effect. Though not rife with specifics, Concentra's allegations that Nunnelley used confidential information in regard to three (3) of Concentra's clients in his employment with Norton Healthcare, and that he used Concentra's pricing information in setting his own prices while working for Norton Healthcare[2] are plausible, and not mere legal conclusions. *See* R. 1, 13; *Iqbal*, 129 S. Ct. at 1949-50. Accordingly, Counts I and II will be dismissed to the extent that they allege that Nunnelley broke covenants not to compete and solicit under paragraphs (c) and (d), but survive with respect to allegations that he broke covenants under paragraph (e) to safeguard confidential information.

---

[2]*But cf. Bell Atl. Corp. v.Twombly*, 550 U.S. 544, 553-54 (2007) (discussing defendants' conduct that is "just as in line with a wide swath of rational and competitive business activity" as it is with unlawful behavior).

6

In Count III, Unfair Competition, Concentra alleges that "[u]pon information and belief, defendant has intentionally acted to cause confusion in the marketplace, to usurp the goodwill of Concentra, to usurp and exploit Confidential Information and goodwill, to strategically target and solicit customers, to solicit and hire employees and to unfairly compete with Concentra." R. 1. "Kentucky law has only recognized the claim of unfair competition in the realm of trademarks and defines unfair competition 'as passing of or attempting to pass off, upon the public the goods or business of one man as being the goods or business of another.'" *Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F. Supp. 2d 784, 789-90 (W.D. Ky. 2001) (quoting *Newport Sand Bank Co. v. Monarch Sand Min. Co.*, 137 S.W. 784, 785 (Ky. 1911)). "[U]nfair Competition consists of either (1) injuring the plaintiff by taking his business or impairing his good will; or (2) unfairly profiting by the use of the plaintiff's name, or a similar one, in exploiting his good will. Underlying the whole theory is the matter of actual or intended deception of the public for business reasons[,]" *Covington Inn Corp. v. White House Tavern, Inc.*, 445 S.W.2d 135, 139 (Ky. 1969) (emphasis deleted) (citing *Newport Sand*, 137 S.W. 784), or at least "'a likelihood that the buying public will be deceived or confused by conduct on the part of the alleged offender from which such intent may be reasonably inferred.'" *Colston Inv. Co. v. Home Supply Co.*, 74 S.W.3d 759, 767 (Ky. Ct. App. 2001) (emphasis deleted) (quoting *Kay Jewelry Co. v. Gay's Jewelry, Inc.*, 277 S.W.2d 30, 33 (1955)). "'Unfair competition begins

where imitation results in the deception of the customers of the party complaining.' *International Heating Company v. Oliver Oil, Gas B. & M. Company*, 288 F. 708, 711 (8th Cir. [1923]). . . . 'Without either direct deception or indirect deception practiced through trade methods, there can be no unfair competition.' *Mayfield Milling Company v. Covington Brothers & Company*, . . . 278 S.W. 562, 564 [(Ky. 1925)]." *Acy v. Whaley*, 136 S.W.2d 575, 577-78 (Ky. 1940).

There are allegations within the complaint that imply that Nunnelley breached fiduciary duties and misappropriated trade secrets. *See* R. 1; KY. REV. STAT. ANN. § 365.880-900 (2010); *see generally Aero Drapery of Kentucky, Inc. v. Engdahl*, 507 S.W.2d 166 (Ky. 1974). The Kentucky Uniform Trade Secrets Act "replaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." KY. REV. STAT. ANN. § 365.892(1); *see Auto Channel*, 144 F. Supp. 2d at 789. In regard to unfair competition, Concentra has not pleaded facts which plausibly suggest deception by Nunnelley. *See Iqbal*, 129 S. Ct. at 1949-50. There is no allegation, for example, that after he began employment with Norton Healthcare, Nunnelley deceived patients into thinking that they were dealing with Concentra. "The customers or patrons of the parties are not deceived for they know with whom they are contracting . . . . The defendant had not undertaken to represent his service as being that of the plaintiff." *Acy*, 136 S.W.2d at 577. The allegations contained in the complaint cannot support a cause of action for unfair competition, and Count III will be dismissed. Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (R. 9) is **GRANTED** in part and **DENIED** in part.

IT IS FURTHER ORDERED that Counts I and II of the plaintiff's complaint are **DISMISSED** to the extent that they allege that the defendant breached obligations not to compete and solicit in relation to the plaintiff under paragraphs (c) and (d) in section 6 of the physician services agreement. The defendant's remaining allegations in Counts I and II may proceed.

IT IS FURTHER ORDERED that Count III of the plaintiff's complaint is **DISMISSED**.

IT IS FURTHER ORDERED that the defendant shall timely file an answer to the remaining allegations of the complaint.

Signed on February 15, 2010

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**